The State of Ohio, Appellee, *v.* Insprucker, Appellant.

[Cite as State v. Insprucker (1978), 57 Ohio App. 2d 85.]

(No. CA 723—Decided June 14, 1978.)

*Mr. Jeffrey Schwartz,* for appellee.

*Mr. Milton Berner,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket; the journal entries and the original papers from the Clermont County Court; the transcript of the proceedings; and the assignments of error, the briefs and the oral argument of counsel for the appellant, counsel for the appellee having failed to appear for such purpose.

The appellant was charged with a violation of R. C. 4507.38[1] for having driven a motor vehicle while his operator's license was suspended. While represented by court-appointed counsel, he was found guilty as charged but sentence was deferred to permit counsel to submit memoranda on the question whether the court could lawfully suspend all the days of confinement authorized by R. C. 4507.99(A).[2]

---

[1] R. C. 4507.38(A) is:

"No person whose operator's or chauffeur's license has been suspended or revoked, under sections 4507.01 to 4507.40, inclusive, of the Revised Code, or under applicable law in any other jurisdiction where license issued, shall drive any motor vehicle upon the highways or streets in this state while such license is suspended or revoked."

[2] R. C. 4507.99(A) in pertinent part is:

"Whoever violates sections 4507.38 * * * of the Revised Code may be fined not more than five hundred dollars and shall be imprisoned not less than two days nor more than six months."

After submission of the written matter and oral argument by counsel, the court sentenced the appellant to a term of seven days in the county jail and imposed a fine of $250, but then "suspended all but two days of the jail sentence" and remitted $150 of the fine. Additionally, the court placed appellant on probation for the period of one year.

When ordering the probationary period the court stated that it "would consider suspending at least one other day but for the mandatory provision," an obvious reference to the two day term of imprisomnent set forth in R. C. 4507.99(A). A stay of execution of the entire sentence was granted and the appellant was released upon his own recognizance pending the resolution of his appeal.

The singular assignment of error is:

"The trial court erred to the prejudice of Defendant-Appellant in interpreting Section 4507.99(A) as mandating a minimum two day sentence to be served by a Defendant for conviction of Driving While Under Suspension, contrary to Section 4507.38."

In deciding *State, ex rel. Moraites, v. Gorman* (1974), 68 Ohio Op. 2d 283, we held that a violation of a statute prohibiting driving while intoxicated[3] requires imprisonment in a county or municipal jail or workhouse for at least three days,[4] and that a court may not suspend execution or imposition of sentence and grant probation.

In so determining, we stressed the language in which the General Assembly manifested its intent to limit the authority of a court to suspend both imposition and execution of that portion of the sentence relating to three days' imprisonment, noting that the language used could scarcely be less equivocal.

We compared the certainty of the legislative intent reflected in R. C. 4511.99(A) with that manifestation of

---

[3]R. C. 4511.19

[4]R. C. 4511.99(A) provides:

"Whoever violates section 4511.19 of the Revised Code is guilty of a misdemeanor of the first degree, in addition to the license suspension or revocation provided in section 4507.16 of the Revised Code. At least three days' imprisonment is mandatory under this division."

intent of the Cincinnati City Council revealed in Section 512-3 of the Cincinnati Municipal Code, the ordinance establishing the penalty for violation of Section 506-1 of the Code (driving while intoxicated). That penalty section, like the predecessor of R. C. 4511.99 (A) (R. C. 4511.99 (C), repealed January 1, 1977) provided that:

"* * * [N]o court shall suspend the first three (3) days of any sentence provided for under this section."

Section 512-3 of the Cincinnati Municipal Code had been examined in two cases which antedated *Moraites, supra, viz., State* v. *Kinder* (1974), 67 Ohio Op. 2d 44, and *Cincinnati* v. *Wakim* (1974), 67 Ohio Op. 2d 65.

Resultantly, we included in our decision in *Moraites, supra,* at 284, this observation with respect to the quoted part of Section 512-3:

"As we remarked in *Wakim* (p. 66) and subsequently held in *Kinder,* while effectively depriving the court of its ability to suspend the *execution* of a sentence, this language did not divest the court of its inherent and statutorily confirmed authority to suspend the *imposition* of sentence through the device of granting probation to the defendant. We found, therefore, no statutory impediment under the then effective laws to the grant of probation for a defendant convicted of driving while intoxicated. However, we carefully and deliberately noted in *Kinder* (pp. 46-47) that this result would not necessarily follow under the new language, effective January 1, 1974, in R. C. §4511.99(A):

"The distinction between suspending execution of a sentence and suspending imposition of a sentence, is clearly drawn in *State* v. *Theisen,* 165 Ohio St. 2d 313, 49 O. O. 409 (*sic*; see 49 O. O. 96), and further, articulated in 16 O. Jur. 2d, Criminal Law, Section 697. We can find nothing in this ordinance which would preclude a trial court from suspending imposition of a sentence under Sec. 512-3 and granting probation, and no authority has been cited to us requiring or persuading us that it may not be done. Compare, however, R. C. §4511.99(A), effective January 1, 1974, presenting another legislative solution to the problem entirely, and which should not be confused with the problem presented by the language in the instant case." (Emphasis added.)

We see no real difference between the provision "no court shall suspend the first three days of any sentence provided for" and the provision "shall be imprisoned not less two days nor more than six months" with respect to the imposition of a legislative impediment to the grant of probation for a convicted violator.

Therefore, in harmony with our earilier pronouncements we find nothing in R. C. 4507.99(A) which would preclude a trial court, here the Clermont County Court, from suspending imposition of a sentence through the device of granting probation to one convicted of a violation of R. C. 4507.38(A).[5]

Our decision in the case *sub judice* is not to be interpreted as a denigration of the judicial philosophy that the offense of driving a motor vehicle while the operator's license is under suspension is one which warrants jailing the offender. Rather, it is to be read in light of our earlier observations that the General Assembly has it within its power to limit the authority of any court to suspend both the imposition and execution of a sentence and, if a violation of R. C. 4507.38(A) is an offense meriting such limitation the legislature has only to speak with the same voice it chose to use in amending R. C. 4511.99(A).

The assignment of error, resultantly, is well taken.

Since the judgment of the Clermont County Court with respect to the guilt of the appellant, Richard Insprucker, has not been questioned in his appeal, it is affirmed. This cause, however, is remanded to the Clermont County Court for further proceedings, including the sentencing of the appellant, Richard Insprucker, in a manner not inconsistent with this decision.

*Judgment accordingly.*

PALMER, P. J., SHANNON and KEEFE, JJ., concur.

---

[5]R. C. 2929.51 provides in pertinent part:

"(C) At the time of sentencing and thereafter when imprisonment for misdemeanor is imposed, the court may:

"(1) Suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code; * * *."